CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 28 2010

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MICHAEL W. MILLER, | ) |
| | ) Case No. 7:06CV00611 |
| Petitioner, | ) |
| | ) |
| v. | ) MEMORANDUM OPINION |
| | ) |
| | ) By: Hon. Glen E. Conrad |
| GENE JOHNSON, DIRECTOR, | ) Chief United States District Judge |
| | ) |
| Respondent. | |

Petitioner Michael W. Miller, in this long-closed case, has simultaneously filed three motions in reliance on Rule 60(b) of the Federal Rules of Civil Procedure. Specifically, Miller relies on Rule 60(b)(3) and 60(b)(4) to argue that each of the following judgments should be vacated: (a) his state criminal conviction itself, (b) the state court judgments denying relief on his habeas corpus claims, and (c) this court's judgment denying his petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Upon review of the record, the court concludes that the Rule 60(b) motions must all be denied.

Rule 60 states, in pertinent part:

> **(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

> (6) any other reason that justifies relief.
> (c) **Timing and Effect of the Motion.**
> (1) **Timing.** A motion under Rule 60(b) must be made within a reasonable time--and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.

The Federal Rules of Civil Procedure, including Rule 60(b), govern <u>civil</u> actions filed in federal district courts. <u>See</u> Fed. R. Civ. Pro. 1. Therefore, the court finds absolutely no ground upon which any provision of the <u>Federal</u> Rules of Civil Procedure can authorize relief from a <u>state</u> court criminal judgment or a <u>state</u> court <u>habeas</u> judgment. Accordingly, Miller's motions must be denied to the extent that they are seeking relief under Rule 60(b) from any state court judgment.

A Rule 60(b) motion that seeks to revisit a federal <u>habeas</u> court's denial on the merits of claims for relief should be dismissed as a successive <u>habeas</u> petition to prevent petitioners from using such a motion to circumvent the rule against successive petitions in 28 U.S.C. § 2244(b). <u>Gonzales v. Crosby</u>, 545 U.S. 524, 531-32 (2005). However, "a Rule 60(b)(6) motion in a § 2254 case is not to be treated as a successive habeas petition if it does not assert, or reassert, claims of error in the movant's state conviction." <u>Id.</u> at 538.

In his third motion, Miller seeks to overturn the federal <u>habeas</u> judgment, issued by this court on June 12, 2007, denying relief on his § 2254 petition. While such a motion may be a proper invocation of Rule 60(b), since the judgment under challenge was issued by a federal court, the motion must nevertheless be denied to the extent that it seeks relief under Rule 60(b). Relying on Rule 60(b)(3) and 60(b)(4), Miller argues that the <u>habeas</u> judgment is void because counsel for the respondent introduced fraudulent counterclaims in response to petitioner's <u>habeas</u> claims that resulted in denial of due process. As the court's opinion clearly indicates, however, the court dismissed Miller's <u>habeas</u> petition based on the state court record and transcripts and

not on any "counterclaim" or evidence introduced by the respondent. Thus, as the motion fails to present any manner in which the habeas judgment itself was fraudulent or void, Miller's motion must be denied.[1]

All three of Miller's motions reargue his habeas claims and assert that his state court convictions must be vacated. Therefore, the court concludes that his submissions fall into that category of motions styled as arising under Rule 60(b) which are actually successive § 2254 habeas petitions, because they seek to revisit a federal habeas court's denial on the merits of claims for relief. Such motions are to be construed and summarily dismissed as successive § 2254 petitions. Gonzales, 545 U.S. at 538. The court will so order.

The Clerk is directed to send a copy of this order to the petitioner and to counsel of record for the respondent.

ENTER: This 21st day of September, 2010.

                                                  Chief United States District Judge

---

[1] Miller's motion under Rule 60(b)(3), alleging fraud, is also untimely filed, as he did not file it within one year of the judgment he challenges. See Fed. R. Civ. P. 60(c)(1).